UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETURAH MIXON,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                     Case No. 1:15-CV-486

BANK OF AMERICA, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Bank of America's Motion to Dismiss, (Dkt. #5), Plaintiff's Motion to Dismiss Defendant's Motion, (Dkt. #7), Plaintiff's Motion for Entry of Default, (Dkt. #8), and Plaintiff's Application for Entry of Default, (Dkt. #9). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Plaintiff's motion to dismiss be **granted in part and denied in part**, Plaintiff's motions seeking entry of default be **denied**, and Defendant's motion to dismiss be **granted**.

## BACKGROUND

        Plaintiff initiated the present action in state court, on or about December 16, 2014, against Bank of America and 20 unidentified John Does, none of whom have been identified or served. (Dkt. #1 at Page ID#14-49). This action concerns real property located at 243 Devon Road, Battle Creek, Michigan. On or about January 28, 2010, Plaintiff obtained a loan in the amount of one hundred

eighteen thousand, eight hundred eight dollars ($118,808.00). (Dkt. #1 at Page ID#40-42). As security for this loan, Plaintiff executed a mortgage on the property in question. (Dkt. #1 at Page ID#31-38). On or about July 21, 2011, Plaintiff's mortgage was reassigned from her original lender to BAC Home Loans Servicing. (Dkt. #1 at Page ID#44). BAC Home Loans Servicing later merged into Bank of America. (Dkt. #5 at Page ID#358-62).

Plaintiff alleges that this mortgage assignment was fraudulent because the underlying debt had, by the date of reassignment, already been paid in full. Plaintiff further alleges that the mortgage assignment was invalid because: (1) her name was not included on the relevant documents; (2) the transaction was accomplished through fraudulent "robo-signatures"; and (3) Bank of America has no legitimate interest in the property in question. On May 8, 2015, Defendant Bank of America removed the matter to this Court and now moves to dismiss Plaintiff's complaint on the ground that the allegations therein fail to state a claim on which relief may be granted. Plaintiff has responded by asserting the motions identified above.

I.        **Plaintiff's Motion to Dismiss**

Plaintiff moves the Court to dismiss Defendant's motion to dismiss on the ground that it is without merit. Plaintiff further requests that the Court enter judgment in her favor. Plaintiff has failed to demonstrate that she is entitled to judgment or that Defendant's motion is subject to dismissal. The Court will, however, consider Plaintiff's motion as a response to Defendant's motion to dismiss. Accordingly, the Court recommends that Plaintiff's motion be granted in part and denied in part.

**II.          Plaintiff's Motions Seeking Entry of Default**

Plaintiff argues that she is entitled to default on the ground that Defendant Bank of America failed to timely answer the complaint. This issue was resolved in state court prior to the removal of this action to this Court. (Dkt. #1 at Page ID#11-12; Dkt. #5 at Page ID#326-41). Accordingly, the undersigned recommends that Plaintiff's motions be **denied**.

**III.         Defendant's Motion to Dismiss**

Bank of America moves to dismiss Plaintiff's complaint on the ground that such fails to state a claim on which relief may be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiff seeks "to forever quiet title against defendants" concerning the subject property. Actions to quiet title under Michigan law are governed by Mich. Comp. Laws § 600.2932 which provides, in relevant part, that "[a]ny person, whether he is in possession of the land in question or not,

who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." Mich. Comp. Laws § 600.2932(1). A plaintiff in an action to quiet title to land bears the burden to make out a prima facie case that he has a superior claim to the land in question. *See Stern v. Marjeh*, 2011 WL 1140129 at *1 (Mich. Ct. App., Mar. 29, 2011); Michigan Court Rule 3.411(B)(2) (in a complaint to quiet title the plaintiff "must allege," in part, "the facts establishing the superiority of [her] claim"). Moreover, a plaintiff cannot satisfy this requirement "by merely relying on the weakness of a defendant's title." *Stern*, 2011 WL 1140129 at *1.

The basis of Plaintiff's claim is her unsubstantiated allegation that she paid in full the debt for which the subject mortgage was security. On the other hand, Defendant has submitted documentation in the course of this action demonstrating that not only has Plaintiff not paid off the debt in question, but instead has failed to regularly make her scheduled mortgage payments. (Dkt. #5 at Page ID#365-79). As a result, the balance of the loan in question, as of March 5, 2015, was in excess of one hundred thirty-seven thousand dollars ($137,000.00). (Dkt. #5 at Page ID#379). Plaintiff's other arguments in support of her quiet title action are frivolous for the reasons articulated in Defendant's motion. In sum, Plaintiff's complaint does not articulate a plausible claim for relief. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Dismiss Defendant's Motion</u>, (Dkt. #7), be **granted in part and denied in part**; <u>Plaintiff's Motion</u>

for Entry of Default, (Dkt. #8), be **denied**; Plaintiff's Application for Entry of Default, (Dkt. #9), be **denied**; and Defendant Bank of America's Motion to Dismiss, (Dkt. #5), be **granted**.

      OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

      Respectfully submitted,

Date:  June 26, 2015         /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge